THOMPSON PRODUCTS, Inc., v.
TOOL–A–MATIC MACHINE
CO., Inc.
Civ. No. 280–49.

United States District Court
D. New Jersey.

April 4, 1950.

Toner, Speakman & Crowley, Newark, N. J., Marshall Crowley, Newark, N. J., for plaintiff.

Isadore Glauberman, Jersey City, N. J., for·defendant.

SMITH, District Judge.

This is a civil action for patent infringement under the patent laws, 35 U.S.C.A. §

70, 28 U.S.C.A. § 1338. The action is before the Court at this time on the application of the plaintiff for leave to amend the complaint and to join as a party defendant one William F. Fasolo, the receiver of the defendant corporation. The right of the plaintiff to join the said receiver in his official capacity is not disputed. The only objection is to the joinder in his individual capacity. The objection is without merit.

■ The infringement of a patent is a tort for which the infringer is liable under the patent laws, 35 U.S.C.A. § 70. The mere fact that the infringer is the duly appointed receiver of a corporation will not exempt him from liability if it is proved that he is personally guilty of the tort. It necessarily follows that he is, therefore, not immune from suit.

■ We agree with the attorney for the receiver "that a receiver is immune from personal liability for acts done in the administration of an estate pursuant to an order of the Court." It does not follow, however, that he is immune from personal liability for those torts of which he is personally guilty. The plaintiff may ultimately experience some difficulty in proving the personal liability of the receiver. This reason, however, would not warrant a denial of leave to join him. The application of the plaintiff is granted.